# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GLIMPSE LLC (DBA SKYLIGHT),
      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.

Case No. 26-cv-7475

Judge Charles Kocoras

Magistrate Judge Laura K. McNally

## PRELIMINARY INJUNCTION ORDER

Plaintiff Glimpse LLC (dba Skylight) ("Skylight" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction (the "Motion") against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court **GRANTS** Plaintiff's Motion as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered July 7, 2026, [12] ("TRO") and Federal Rule of Civil Procedure 65(a)(1).

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

1

conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products that infringe Plaintiff's Trade Dress (touch-screen calendars having a narrow top panel, a narrow left-side panel (or narrow bottom panel when in portrait mode), and a main calendar panel displaying solid pastel-colored and rectangular-shaped events that are color-coded per profile, with each rectangular shape having rounded corners and including a smaller insert shape having a darker matching color (or image) associated with the profile; an example of which is depicted in the image below); Plaintiff's common law DROP THE STRESS. NOT THE BALL Mark and its U.S. Trademark Registration No. 8,251,867 (DROP THE STRESS. NOT THE BALL.®) (collectively, the "DROP THE STRESS. NOT THE BALL Mark"), and U.S. Copyright Registration Nos. VAu 1-586-023 (the "Skylight All-in-One Organization Copyright") and U.S. Copyright Registration No. VAu 1-586-021 (the "Skylight Drop The Stress, Not The Ball Copyright") (collectively the "Skylight Copyrights"), (collectively, "Plaintiff's Intellectual Property") to residents of Illinois.



The Skylight All-in-One Organization Copyright and Skylight Drop The Stress, Not The Ball Copyright comprise the following:





In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase infringing products. *See* Docket Nos. [2-2], [2-3], and [2-4], which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to ship its infringing products to customers in Illinois.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

a.  using the Plaintiff's Intellectual Property or any reproductions, counterfeit copies, or colorable imitations, including those products identified in Ex. 1 (see annotations) ("the Infringing Products") and Exs. 7, 8, and 9 of the Complaint in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with Plaintiff's Intellectual Property;

b.  aiding, abetting, contributing to, or otherwise assisting anyone in infringing Plaintiff's Intellectual Property, including, for example, offering for sale, selling, and/or importing into the United States for subsequent sale or use any of the Infringing Products or other products that are not colorably different from such products;

c.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Intellectual Property;

d.  committing any acts calculated to cause consumer confusion to believe Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, associated with, originated from, or otherwise connected with Plaintiff;

e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products using Plaintiff's Intellectual Property or any reproductions, counterfeit copies, or colorable imitations, including the Infringing Products; and

f. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (e).

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Plaintiff is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other

merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as, for example, Amazon.com (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant

Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products and products use Plaintiff's Intellectual Property.

6. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. Plaintiff's Pleading(s) Sealed Complaint [2] and Exhibits 2-9 thereto, Schedule A to the Complaint [2-1], Exhibit [1-10] to the Declaration of Aviv Gilboa [8], and the TRO [12] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The $10,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

Date: July 17, 2026

                      _____
Hon. Charles P. Kocoras
United States District Judge

# Schedule A

| No. | Defendant Name/Alias | "Business Name" | Seller ID |
|---|---|---|---|
| 1 | Canupdog Official | shenzhenshiyuchengweiyekejiyouxiangongsi | A3NHH11L24WT7R |
| 2 | HEMAOSHENGSHI | shenzhenshihemaoshengshikejiyouxiangongsi | A1DMTCXJO140DY |

# Online Marketplaces

| No. | Online Marketplaces |
|---|---|
| 1-1 | https://www.amazon.com/dp/B0DCBVBTJ1 |
| 1-2 | https://www.amazon.com/dp/B0FN7SKNXD |
| 1-3 | https://www.amazon.com/dp/B0FFS7CHXY |
| 1-4 | https://www.amazon.com/dp/B0FPXC4PLY |
| 1-5 | https://www.amazon.com/dp/B0FKGHF3TL |
| 1-6 | https://www.amazon.com/dp/B0FPXBX9GV |
| 1-7 | https://www.amazon.com/dp/B0FNWGQDWP |
| 2 | https://www.amazon.com/dp/B0FNWGQDWP |