**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GLIMPSE LLC (DBA SKYLIGHT),<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 26-cv-07475<br><br>Judge Charles P. Kocoras<br>Magistrate Judge Laura K. McNally |

**DECLARATION OF YINGLUN MA**

I, Yinglun Ma, declare and state as follows:

1. I am over 18 years of age, and I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3). If called upon to testify, I could and would competently do so to the following facts set forth below.

2. I am the Director for Hemisphere Professional Services, LLC ("Hemisphere"). Our firm specializes in conducting address investigations for businesses located in China. As the Director, I oversee all operations at Hemisphere.

3. Our team was retained to conduct investigations concerning the physical addresses associated with the following two defendants: (a) Shenzhenshiyuchengweiyekejiyouxiangongsi (深圳市煜成伟业科技有限公司), identified in this action as Defendant Canupdog ("Canupdog"); and (b) Shenzhenshihemaoshengshikejiyouxiangongsi, identified in this action as Defendant HEMAOSHENGSHI ("HEMAOSHENGSHI") (together, "Defendants"). The purpose of these

investigations was to assist in determining whether Defendants can be served with process at the addresses listed on their respective Amazon Seller Profiles.

4. The results of each investigation are documented in a separate On-site Verification Report dated October 7, 2026, as described below.

**A. Canupdog**

5. The address provided on Canupdog's Amazon Seller Profile is:

坂田街道象角塘社区象角塘二路1号4栋锦绣华城科技园A区4栋三层-307
深圳市
龙岗区
广东省
518000 CN

6. A true and correct copy of the On-site Verification Report for Canupdog is attached hereto as **Exhibit A**.

7. As reflected in the report, the investigator successfully located Building 4 at the disclosed address and proceeded to the third floor, where the investigator located Rooms 306 and 307. Signage at the premises identified both Rooms 306 and 307 as associated with a different company, Shenzhen Hongshenglong Industrial Co., Ltd. (深圳市泓盛隆实业有限公司). That company's name was prominently displayed on the glass entrance and office frontage.

8. The investigator inspected the area surrounding Room 307 and the third-floor corridor but observed no signage, nameplate, directory information, or other visible indication bearing the name of Canupdog. Based on the conditions observed during the visit, Room 307 appeared to be occupied or used by a different company.

9. The attached report also contains time-stamped photographs obtained during the investigation documenting the exterior of the building, the entrance to Rooms 306 and 307, and the third-floor area where Room 307 is located.

10. Based on the investigation described in the attached report, the investigator was unable to verify that Canupdog currently maintains a physical business presence or operates from the disclosed address.

**B. HEMAOSHENGSHI**

11. The address provided on HEMAOSHENGSHI's Amazon Seller Profile is:

福田区华强北街道福强社区
深南中路2070号4号楼(国际电子城)1层A053-A055
深圳市
广东省
518028 CN

12. A true and correct copy of the On-site Verification Report for HEMAOSHENGSHI is attached hereto as **Exhibit B**.

13. As reflected in the report, the investigator located the disclosed premises and proceeded to the first-floor area corresponding to units A053–A055. The area is a commercial electronics market containing numerous individual storefronts and vendors.

14. At A053–A055, the investigator observed multiple business and brand signs associated with the storefront area. One sign prominently displayed the name "DAGRO 和茂." The pinyin for the Chinese characters "和茂" is "hemao," which also appears within HEMAOSHENGSHI's business name. However, the signage did not display HEMAOSHENGSHI's full business name, and the investigator was unable to determine whether the "DAGRO 和茂" signage was associated with HEMAOSHENGSHI or with a different business using the same or a similar name.

15. The investigator visited the location on a weekday. The storefront displaying the "DAGRO 和茂" signage was closed at the time of the visit, as were multiple surrounding

storefronts in the same market area. No signage displaying HEMAOSHENGSHI's business name was observed.

16. The attached report also contains time-stamped photographs obtained during the investigation documenting the exterior of the building, the A053–A055 storefront, and the surrounding commercial units.

17. Based on the investigation described in the attached report, the investigator was unable to independently confirm that HEMAOSHENGSHI operates from the disclosed address.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed the 29th day of October, 2026 in Chicago

______________________________

Yinglun Ma